# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| CEZARY WOJCIK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14 C 04854 |
| | ) | |
| COUNTY OF COOK, PAUL | ) | Judge John J. Tharp, Jr. |
| SKRIVAN, DAWN HOWELL, | ) | |
| REBECCA MASI, DRUCILLA | ) | |
| KILGORE individually, SHERIFF'S | ) | |
| DEPUTY KALOUDIS, SHERIFF'S | ) | |
| DEPUTY ALI, and COOK COUNTY | ) | |
| SHERIFF THOMAS DART, in his | ) | |
| official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Cezary Wojcik brings this eight-count Amended Complaint alleging violations of his Eighth Amendment rights by Cook County Sheriff's Deputies and Cermak Memorial Hospital employees, deliberate indifference to medical needs, failure to train and to set relevant policies and *respondeat superior* liability by Cook County Sheriff Thomas Dart and Cook County, and indemnity. The defendants bring this motion to dismiss. For the following reasons, the motion is granted as to the *Monell* claims but denied as to the remainder of the Amended Complaint.

## BACKGROUND[1]

On June 27, 2013, Cook County Circuit Court Judge Sharon Sullivan sentenced Wojcik to ten days incarceration. Am. Compl. ¶ 11, Dkt. 16.[2] Wojcik's mittimus mandated that he serve

---

[1] The facts are taken from Wojcik's Amended Complaint, ECF No. 16, and are taken as true for the purposes of the motion to dismiss. *See Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir.) *cert. denied*, 135 S. Ct. 286 (2014) ("Factual allegations are accepted as true at the pleading stage . . . .").

out his sentence at Cermak Memorial Hospital ("Cermak") due to his poor health; Wojcik suffers from Parkinson's disease, a seizure disorder, diabetes, arthritis in both knees, severe anxiety, and decreased motor function. *Id.* ¶¶ 10, 12; *see also* Resp. Ex. A ¶ 1, ECF No. 32.[3] The mittimus further stated that Wojcik was "to be administered the medications listed on the attached letter [Xanax, Clonazepam, Depakote ER, Prozac, Mysoline, and Norvasc] as per the orders of Jerry A. Jakimiec, M.D." Resp. Ex. A ¶ 2. (capitalization altered); *see also* Am. Compl. ¶ 14. Defendant Sherriff's Deputy Kaloudis "was tendered [Wojcik's] mittimus for processing" on June 27, 2013. Am. Compl. ¶ 15. Defendant Sherriff's Deputy Ali (with Kaloudis, "deputy defendants") transported Wojcik to Cermak. *Id.* ¶ 16.

While incarcerated at Cermak, Wojcik did not receive the medications referenced in the mittimus despite his numerous requests for medical attention. *Id.* ¶¶ 19, 21-22. Wojcik states that the deputy defendants failed to present the mittimus to officials at Cermak despite their knowledge of its contents. *Id.* ¶ 17. Alternatively, Wojcik states that defendants Drucilla Kilgore, Paul Skrivan, Dawn Howell, and/or Rebecca Massi (collectively, "Cook County defendants") were "made aware" of his medical needs, were verbally informed of the mittimus, and disregarded the medical instructions contained in the mittimus. *Id.* ¶ 18. Wojcik alleges that both the deputy defendants and the Cook County defendants were acting in the scope of their employment at all relevant times. *Id.* ¶¶ 4, 7.

---

[2] The Amended Complaint does not identify the crime for which Wojcik was convicted.

[3] Although Wojcik did not attach the mittimus to his Amended Complaint, the mittimus is a critical component of his Amended Complaint, and the Court will consider its contents. *See Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012) ("A motion under Rule 12(b)(6) can be based only on the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it . . . .").

As a result of not receiving his prescribed medications, Wojcik suffered a seizure,[4] and on June 30, 2013, Wojcik was transferred to the emergency room at Rush Medical Hospital. *Id*. ¶¶ 20, 23. The Amended Complaint states that the medical professionals at Rush Medical Hospital found that the incarceration at Cermak Memorial Hospital exacerbated Wojcik's pre-existing conditions. *Id*. ¶ 24.

Wojcik brought suit against the deputy defendants and the Cook County defendants as well as Cook County and Sheriff Tom Dart.[5] The pending motion seeks to dismiss all eight claims in the Amended Complaint: Counts I-II, alleging that the deputy defendants and Cook County defendants, respectively, were deliberately indifferent to Wojcik's medical needs; Counts III-IV, alleging that Sheriff Dart and Cook County, respectively, did not establish a policy of following mittimus instructions and/or failed to train their staff to follow mittimus instructions; Counts V-VI, alleging *respondeat superior* liability of Sheriff Dart and Cook County, respectively, for the willful and wanton conduct of their employees; and Counts VII-VIII, alleging indemnification against Sheriff Dart and Cook County, respectively.

## DISCUSSION

"To survive a motion to dismiss under Rule 12(b)(6), a complaint must 'state a claim to relief that is plausible on its face.'" *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Adams*, 742 F.3d at 728

---

[4] Wojcik does not include the date he experienced the seizure.

[5] At the time of filing his original complaint, Wojcik did not name the specific Sherriff's Deputies or Cook County employees. *See* Compl. ECF No. 1. After preliminary discovery, Wojcik amended his Complaint to include the specific Sherriff's Deputies and Cook County employees allegedly involved. *See* Am. Compl. 1.

(quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although a court must accept all of the plaintiff's factual allegations as true when reviewing the complaint, conclusory allegations merely restating the elements of a cause of action do not receive this presumption: "A complaint must allege *facts* to support a cause of action's basic elements; the plaintiff is required to do at least that much." *Adams*, 742 F.3d at 728 (emphasis added).

## II. Counts I and II: Deliberate Indifference

Wojcik claims that the deputy defendants were deliberately indifferent to his medical needs by failing to present his mittimus to the Cook County defendants at Cermak and/or the Cook County defendants were deliberately indifferent by ignoring the mittimus and his requests for medical care. Am. Compl. ¶¶ 17-18, 30, 34-35. The Eighth Amendment, as incorporated through the Fourteenth Amendment, imposes a duty on states "to provide adequate medical care to incarcerated individuals." *McGee v. Adams*, 721 F.3d 474, 480 (7th Cir. 2013) (quoting *Johnson v. Doughty,* 433 F.3d 1001, 1010 (7th Cir. 2006)). Prison officials violate this duty "if they display deliberate indifference to serious medical needs of prisoners." *McGee*, 721 F.3d at 474 (quoting *Johnson*, 433 F.3d at 1010). To state a claim for deliberate indifference, Wojcik must prove: (1) that he has an objectively serious medical need, one that has "been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would perceive the need for a doctor's attention," *Gomez v. Randle,* 680 F.3d 859, 865 (7th Cir. 2012); and (2) that the defendants were aware of his serious condition and were deliberately indifferent to it. *See McGee*, 721 F.3d at 481.

As stated in the Amended Complaint, Wojcik suffers from a number of medical conditions, for which he had been prescribed medication by a physician, including Parkinson's disease, a seizure disorder, diabetes, arthritis in both knees, severe anxiety, and decreased motor

4

function. Am. Compl. ¶ 10. The defendants do not dispute Wojcik's repeated assertions that his illnesses are "objectively serious." *See, e.g.*, *id*. ¶¶ 10, 14, 18, 24. Thus, Wojcik has adequately pleaded that his medical conditions are objectively serious.

As to the deputy defendants' awareness and deliberate indifference, Wojcik asserts that the deputy defendants were tendered the mittimus for processing yet failed to present the mittimus to the officials at Cermak. *Id*. ¶¶ 15-17. Taking those allegations as true, as the Court must at this stage, Wojcik has sufficiently alleged his claim. Rule 8 only requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Wojcik's recitation of relevant facts is certainly short, taking those facts as true (and they are indeed facts, not legal conclusions, which are not entitled to the presumption of truth, *see Iqbal*, 556 U.S. at 678), Wojcik is entitled to relief.

In a remarkable argument, the deputy defendants assert that it is not deliberately indifferent to ignore a judicial mandate or court order and that, because the Sheriff's Office is not responsible for the medical care of inmates, the deputy defendants could not have been indifferent to Wojcik's medical needs. Reply 3-4, ECF No. 33; Resp. 5. The only case the defendants cite to support that the Sheriff's Deputies cannot be liable does not support this surprising contention. *See* Reply 3-4 (citing *Holmes v. Sheahan*, 930 F.2d 1196, 1201 (7th Cir. 1991)). Although the court in *Holmes* concluded that the plaintiff failed to establish a policy of deliberate indifference to judicial mandates, it did not hold, as the defendant's maintain, that the failure to deliver court orders does not constitute deliberate indifference on that specific occasion. *Holmes*, 930 F.2d at 1201 (noting the "the critical question whether the Sheriff's failure to deliver the court orders to Cermak was the product of a *policy or custom* of deliberate indifference to the disposition of court orders") (emphasis added).

There should be no room for doubt on this score: If a judge orders Sheriff's deputies to deliver medical information to County employees who are providing medical treatment to a prisoner or detainee, a failure to comply with that order that supports an inference of deliberate indifference is actionable.[6] A refusal to relay information necessary to a prisoner's medical care may be every bit as indicative of indifference to the prisoner's medical treatment as is a decision by a medical professional not to provide necessary treatment. *See, e.g. Bramlett v. Dart*, No. 14 C 5939, 2015 WL 4148711, at *2 (N.D. Ill. July 9, 2015) ("As plaintiff explains, it was the responsibility of the Sheriff, as the official who controls and supervises Cook County Jail, to ensure that the medical needs of inmates are adequately met . . . By alleging that Sheriff Dart failed in that responsibility, plaintiff states a claim against him." (internal quotation marks and citations omitted)); *see also Davis v. Carter*, 452 F.3d 686, 696 (7th Cir. 2006) (permitting deliberate indifference to medical needs claims against a number of officers of the Cook County Sherriff's Office).

The deputy defendants also argue that they cannot be liable for failing to transfer the mittimus because the Amended Complaint states that the Cook County defendants had actual knowledge of the mittimus, which, therefore, rebuts the prior claim of failure to transfer. Mem. in Supp. 5-6. The defendants misunderstand Wojcik's Amended Complaint, however; Wojcik clearly states that Counts I and II are pleaded "in the alternative":

---

[6] And here, an inference of deliberate indifference on the part of the deputy defendants is plausible. The Amended Complaint alleges that the mittimus was given to defendant Kaludis, yet it was not delivered to the Cermak staff. Given the significance of the order, it is at least plausible to infer that the failure to deliver it was not the product of simple neglect. This is an issue that will ultimately turn on information developed in discovery.

> 17. DEFENDANT KALOUDIS and/or DEFENDANT ALI acted willfully and/or wantonly in failing to present PLAINTIFF'S mittimus to officials at Cermak Memorial Hospital notwithstanding their knowledge of the Court order and the PLAINTIFF'S serious medical condition as reflected in the court's mittimus.
>
> 18. *And/or in the alternative*, one or more INDIVIDUAL COOK COUNTY DEFENDANTS were made aware of PLAINTIFF'S objectively serious medical needs, were verbally made aware of the mittimus as ordered by Judge Sharon Sullivan, and consciously disregarded the medically necessary instructions contained in said mittimus.

Am. Compl. ¶¶ 17-18 (emphasis added). While the defendants are correct that if the Cook County defendants were made aware of the mittimus, then the deputy defendants must have presented the mittimus to employees at Cermak, this inconsistency does not require dismissal of either or both claims. It is well established that a party may make inconsistent pleadings in a single suit and that "[i]f a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." Fed. R. Civ. P. 8(d)(2); *see Peterson v. McGladrey & Pullen, LLP*, 676 F.3d 594, 597 (7th Cir. 2012). Thus, this inconsistency is not a basis upon which to dismiss Wojcik's Amended Complaint. Either the deputy defendants failed to present the mittimus and, as a result, Wojcik did not receive the required care or the Cook County defendants failed to adhere to the mittimus and, as a result, Wojcik did not receive the required care. Under either set of facts,[7] Wojcik has stated a claim for relief. The motion to dismiss is denied as to Counts I and II.

As to the Cook County defendants, Wojcik states that they were made aware of his medical needs, either via the mittimus or via his requests for medical attention, yet they failed to administer his medications as directed in the mittimus. Am. Compl. ¶¶ 18-19, 21-22. Again,

---

[7] It should also be noted that the claims are not necessarily inconsistent. It is also possible that both groups of defendants were culpably indifferent to the plaintiff's medical needs.

taking these facts as true, Wojcik has stated a claim for relief. It remains to be seen whether the facts will bear out these allegations as to each of the Cook County defendants.

## II.     Counts III and IV: Monell Claims

With respect to Counts III and IV, however, Wojcik has failed to state a claim upon which relief can be granted. In *Monell v. N.Y. City Dept. of Social Servs.,* 436 U.S. 658 (1978), the Supreme Court established that § 1983 applied to municipalities and other local government units under certain circumstances. *Id.* at 690. Although "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory," municipal liability exists "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Id.* at 691, 694. The Seventh Circuit has identified three ways in which a municipality could violate § 1983 "(1) through an express policy that, when enforced, causes a constitutional deprivation; (2) through a 'wide-spread practice' that although not authorized by written law and express policy, is so permanent and well-settled as to constitute a 'custom or usage' with the force of law; or (3) through an allegation that the constitutional injury was caused by a person with 'final decision policymaking authority.'" *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005) (quoting *McTigue v. City of Chi.,* 60 F.3d 381, 382 (7th Cir. 1995)).

Unlike his deliberate indifference claims, which are premised upon facts, Wojcik merely asserts the existence of a number of policies on the part of both Dart and Cook County, policies not to train their personnel to follow mittimus instructions or to provide medical care. Am. Compl. ¶¶ 42, 47. Wojcik has not pleaded any facts to support the alleged existence of these policies, however: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. 679; *see also McCauley v. City of*

*Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) ("[L]egal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth."). Disregarding the conclusory assertions, Wojcik has stated nothing more than a single instance of alleged mistreatment by the deputy defendants and Cook County defendants. One instance does not a policy or practice make. *See Thomas v. Cook County Sheriff's Dept.,* 604 F.3d 293, 303 (7th Cir. 2010) (a plaintiff must plead more than "one . . . or even three" incidents to establish a "widespread custom or practice"); *see also City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985) ("Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell,* unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker."). Here, Wojcik has stated nothing more than a single incident, his experience in June 2013. Disregarding his conclusory policy allegations, Wojcik has failed to state a *Monell* claim upon which relief can be granted. The motion to dismiss is, therefore, granted without prejudice on Claims III and IV.

## III. The Remaining Counts

The *respondeat superior* claims, Counts V and VI, and the indemnification claims, Counts VII and VIII, are dependent upon the conduct alleged in the deliberate indifference claims. Because the Court has not dismissed the underlying claims, the dependent claims, too, survive. The motion to dismiss is denied as to Counts V-VIII.[8]

---

[8] The defendants take great pains in their briefs to explain that the County is not liable for the acts of Sheriff's personnel. The point is well-taken, but of no moment. The Amended Complaint asserts *respondeat superior* and indemnification liability against the County only for the acts of the Cook County defendants, not the deputy defendants.

\* \* \*

Counts III and IV of Wojcik's Amended Complaint are dismissed without prejudice for failure to state a claim upon which relief can be granted. The motion to dismiss is denied as to the rest of the Amended Complaint. To the extent that Wojcik can attempt, in good faith, to cure the deficiencies in the dismissed Counts, he may file a Second Amended Complaint within 30 days of this order. In the absence of a timely filed Second Amended Complaint, those Counts will be dismissed with prejudice.

Dated: February 1, 2016

John J. Tharp, Jr.
United States District Judge